Denman v. Nelson.

## JAMES C. DENMAN

### v.

### ANNIE NELSON and others.

1. On a hearing on bill and answer and depositions, a mere aver-ment in the answer that the defendants "claim and charge" that the rents, issues and profits received by the complainant as mortgagee in possession, were more than sufficient to satisfy the mortgage in suit, is not conclusive on the complainant as a statement of a fact.

2. Depositions as to facts neither admitted nor denied by the answer, are admissible both at the hearing and before the master on the accounting.

3. A provision in complainant's mortgage that he should apply the rents &c. derived from the premises to satisfy his mortgage, does not preclude him from showing that he did apply such rents in part to other prior or concurrent encumbrances thereon.

Bill to foreclose. On final hearing on bill and answer and depositions.

*Mr. P. H. Gilhooly*, for complainant.

*Mr. S. D. Haines*, for the answering defendants.

THE CHANCELLOR.

This cause appears to have been set down for hearing on bill and answers and depositions. There is no replication. The suit is for foreclosure and sale of mortgaged real property in the city of Elizabeth. But two of the defend-ants (one the present owner of the property, and the other his grantor thereof) have answered. By their answers, they allege that the complainant stands in the relation of mortga-gee in possession of the premises, and that he has always had the control of the renting thereof, and has received, and still continues to receive, the rents, issues and profits thereof, and, therefore, is chargeable with the amount

Denman v. Nelson.

which should have been collected for such rents, issues and profits; and they "claim and charge" that such amount has been more than sufficient to pay off entirely and discharge the whole principal and interest.

The counsel of the answering defendants insists that the cause having been set down on bill and answer, this "claim and charge" must be accepted as true. But it is merely a "claim and charge;" it is no statement of a fact, but is, at most, only an assertion that the answering defendants believe that, if an account were taken, it would appear that the complainant has received, or is chargeable with, rents enough to satisfy the mortgage. It is mere pleading. The reason for setting down the cause on bill and answer, evidently was that the complainant's counsel found nothing to deny in the answer, after the allowance of the exceptions. The possession of the complainant as mortgagee is not denied.

The counsel of the answering defendants objects to the admission of the depositions. But they relate only to the complainant's bond and mortgage, which are neither admitted nor denied by the answer, and certain conveyances mentioned in the bill and which the answers pray may be produced and proved, and the account. They, therefore, are admissible. The testimony on the subject of the account is admissible at this stage to show that there ought to be an account. *Hudson* v. *Trenton Locomotive Co., 1 C. E. Gr. 475.* He also insists that, in taking the account, the complainant is bound, by the provision in the bond and mortgage set out in the bill, to apply all the rents and profits to the payment of the bond and mortgage in suit. But that provision was a mere grant of authority to the complainant to collect the rents, issues and profits until the principal of the bond and mortgage should be paid. As to his disposition of the rents, it appears by the proof that there are two other mortgages on the property, besides that which is in suit in this cause, one for $3,500 and interest, and the other for $500 and interest, and that the complainant has applied some of the rents

to the payment of interest on them. The mortgage for $500 gives him the like authority to collect rents which is given by the mortgage in suit. The mortgage for $3,500 is prior to the other two. The complainant appears to have been mortgagee in possession under all these mortgages, and he had a right to appropriate the rents to the interest of all or any of them. The complainant has offered in evidence his books of account, and has himself testified to his receipts and disbursements. There may be no need of any further proof in the cause. There will be a reference to a master to take the account, and the testimony already taken relative to the account may be used by him.